**\*\*E-filed 12/20/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NOREEN SALINAS, et al., | No. C 09-4410 RS |
| Plaintiffs, | **ORDER GRANTING LEAVE TO FILE PROPOSED CONSOLIDATED COMPLAINT** |
| v. | |
| CITY OF SAN JOSE, et al., | |
| Defendant. | |

This case is the consolidation of two actions—one, Case No. 08-02625 RS, was originally filed in this Court. The other, Case No. 09-4410 RS, was originally filed in Santa Clara Superior Court and subsequently removed here by defendants.[1] On February 26, 2010, an order issued consolidating the two cases under the 09-4410 RS case number, and directing that the other file be closed and that no further filings made therein. Plaintiffs were ordered to file a consolidated complaint within 15 days, for the purposes of combining the then-existing claims and parties in a single pleading. Plaintiffs had not requested, and the Court did not intend to grant, leave to assert any new or different claims in the consolidated complaint.

---

[1] The removing defendants failed to include a copy of the state court complaint with the notice of removal. A copy appears in the record, however, at Docket No. 6, exhibit 1, and the parties have at all times treated it as properly before the Court.

1   For reasons that remain unclear, plaintiffs failed to file the consolidated complaint as
2 directed.  They now bring what they have labeled an "*ex parte* application" for leave to file their
3 proposed consolidated complaint, which they contend contains only claims that are already pleaded
4 in one or the other, or both, of the existing complaints.  Defendant Taser, Inc. opposes, contending
5 the proposed consolidated complaint contains new claims against it that were never previously
6 pleaded under either case number.

7   Citing Civil Local Rule 7-10, Taser also objects to the fact that plaintiffs are seeking relief
8 through a purported "*ex parte*" motion, which only permits such motions where authorized by
9 "statute, Federal Rule, local rule or Standing Order."  Plaintiffs' motion, however, was filed through
10 the ECF system, which automatically gives notice to all parties of record.  Therefore, despite its
11 label, plaintiffs motion was not made "*ex parte*,' as that term is defined in Rule 7-10: "a motion
12 filed without notice to opposing party."   That said, the correct procedure for seeking relief on less
13 than the 35 days notice proscribed by Rule 7-1(a)(1) is to accompany the motion seeking substantive
14 relief with a motion to shorten time brought under Rule 6-3 (or, where the parties are in agreement
15 as to the need to shorten time, a stipulation under Rule 6-2).

16   Putting substance before form, plaintiffs' "*ex parte* application" will be deemed both as a
17 motion for leave to file the proposed consolidated and as a motion under Rule 6-3 that the matter be
18 decided on an expedited basis.  Ordinarily, the showing that plaintiffs have made of urgency likely
19 would not suffice, particularly given that they have not explained why they could not have acted
20 earlier to avoid this situation entirely.  Nevertheless, in light of the pendency of dispositive motions
21 and the trial date, and given the conclusion set forth below that the consolidated complaint does not
22 assert new claims, it would not be in the interests of justice and judicial efficiency to require
23 plaintiffs to proceed by way of a fully-noticed motion for leave to amend.  Accordingly, the matter
24 will be decided now, without further briefing or a hearing.

25   Turning, then, to the substance of plaintiffs' request, the question is whether or not plaintiffs
26 are seeking to plead new claims not encompassed within the prior complaints.  Taser insists that
27 plaintiffs are attempting to broaden their theories against it under the guise of the consolidated
28 complaint, and that the pleading is therefore subject to the limitations on a party's right to amend

that arise when discovery has been completed and trial is approaching, notwithstanding the generally liberal policy to allow amendments under Rule 15 of the Federal Rules of Civil Procedure. Taser first takes issue with the paragraphs of the consolidated complaint that allege negligence by Taser in (1) failing to ensure that the ECD "warranted as non-lethal weapon, does not cause death," (2) failing to warn the San Jose Police department and train its officers of the ECD's potential to cause death, and (3) failing to market the ECD as "a weapon that is capable of causing death." *See* proposed Consolidated Complaint ¶ 73, 74(h)-(i).

Taser correctly points out that the operative First Amended Complaint in Case No. 08-02625 RS contained a claim for relief that did not specifically allege any negligent conduct by Taser, despite being labeled as brought against "all defendants." The claim for relief in that complaint against Taser for "products liability," however, repeatedly alleged that Taser had failed to warn adequately of the ECD's purported potential to have a lethal effect. Furthermore, the operative complaint in Case No. 09-4410 RS, a California Judicial Council Form approved for pleading in the forum where the action was initiated, specifically alleged a failure by Taser to warn adequately and also checked the box for "negligence" as one of the specific claims being made.

The proposed consolidated complaint at most adds more detail regarding particular steps plaintiffs may intend to argue Taser should have taken to ensure that its warnings were adequate— e.g., by marketing the product differently, and by ensuring that police officers who use the device are trained to understand its alleged potential to cause death. Taser's characterization notwithstanding, however, the proposed consolidated complaint contains no substantively new or different claims from those previously alleged.[2]

---

[2] Taser also objects to paragraph 70 of the proposed consolidated complaint, which nominally is directed at "all defendants," but which primarily reflects plaintiffs' contention that it was a breach of duty for the police officers to kill Salinas when "he was neither a threat to their safety nor to the safety of others." Contrary to Taser's opposition to the present motion, this paragraph cannot reasonably be understood as an allegation that Taser or its employees directly participated in the killing of Salinas. To the extent this paragraph could be construed more generally to implicate Taser because the ECD was used on Salinas and allegedly contributed to his death, it is well within the scope of the prior allegations.

To the extent Taser is contending that it did not previously have adequate notice of these particular details of plaintiffs' intended arguments, its complaint comes too late. The existing pleadings, particularly the Judicial Council form complaint, alleged negligence in the broadest terms possible, thereby raising the possibility that Taser would face any and all of these particular contentions. If Taser lacked certainty as to exactly *how* plaintiffs believed it had been negligent and what plaintiffs believed it should have done differently, Taser was entitled to pursue contention discovery, or, if it believed the claim lacked adequate detail even for pleading purposes, to move to dismiss. Taser in fact *did* move to dismiss other claims in the judicial form complaint, but did not challenge the negligence claim. Taser also propounded contention interrogatories, to which plaintiffs responded by providing information substantially similar to that incorporated in the proposed consolidated complaint. Although Taser now characterizes those interrogatory responses as having provided "no real substance at all," it did not avail itself of its right to move to compel further responses.

Finally, Taser also takes issue with what it contends is an attempt by plaintiffs to expand their strict liability claim for relief to include a manufacturing defect claim. "In general, a manufacturing or production defect is readily identifiable because a defective product is one that differs from the manufacturer's intended result or from other ostensibly identical units of the same product line." *Barker v. Lull Engineering Co*., 20 Cal.3d 413, 429 (1978). It is unclear why Taser believes that the proposed consolidated complaint seeks to advance a manufacturing defect claim, given that it expressly alleges that ECD device used on Salinas was "manufactured as intended," and there is no indication anywhere that plaintiffs believe the particular ECD involved in the incident was any different from others of the same model.[3]

Accordingly, even though the proposed amended complaint may contain certain details of plaintiffs' theories that were not as fully spelled out in either of the existing complaints, it does not

---

[3] Nor is there any indication in the proposed consolidated complaint or in the complaints that preceded it that plaintiffs are intending to proceed under a *design* defect theory. Because neither a design nor manufacturing defect claim has previously been pleaded, and because both would implicate factual issues that might require additional discovery, if plaintiffs in fact wish to proceed under either or both of those theories, they must bring a motion for leave to amend, fully-noticed under Rule 7-1(a)(1) or on shortened time with leave of court under Rule 6.

include any substantively new claims.  The motion for leave to file it is granted, and it is hereby deemed filed.  Because the consolidated complaint asserts no new claims and does not appear to contain any new allegations of fact, defendants are hereby relieved from any obligation they might otherwise have to file responses, and their prior answers shall be deemed applicable to the consolidated complaint.  If any defendant nonetheless elects to respond to the consolidated complaint, it shall do so within 20 days of the date of this order.

IT IS SO ORDERED.

Dated: 12/20/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE