IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NOREEN SALINAS, et. al., | NO. 5:09-cv-04410 EJD |
| Plaintiff(s), | **ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| v. | |
| CITY OF SAN JOSE, et. al., | [Docket Item No. 68] |
| Defendant(s). | |

## I.   INTRODUCTION

On May 25, 2007, officers from the San Jose Police Department ("SJPD") arrived at the scene of a reported disturbance on North First Street. There they encountered Steven Salinas ("Salinas"), against whom an officer utilized a Taser Electronic Control Device ("ECD"). Salinas died during the incident. Plaintiffs then filed this consolidated action against the City of San Jose, the San Jose Police Chief, Taser International, Inc. ("Taser"), and the individual police officers involved. As to Taser, Plaintiffs claims rest on an underlying theory of product liability: that Taser allegedly failed to warn that repeated applications of an ECD could cause serious injury or death.

On December 17, 2010, Taser filed a Motion for Summary Judgment on four grounds: (1) that Taser expressly and repeatedly warned of the potential risks associated with multiple and continuous ECD applications; (2) that the SJPD observed these warnings and adopted an appropriate ECD use policy; (3) that the officer who used the ECD against Salinas was are of the SJPD policy;

1

Case No. 5:09-cv-04410 EJD
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
(EJDLC1)

1  and (4) that Plainitff's medical causation evidence was insufficient to establish general or specific
2  causation.  See Docket Item No. 43.  This court's predecessor (Judge Richard Seeborg) denied
3  Taser's motion in a written order filed May 2, 2011 (the "Order").  See Docket Item No. 62.  After
4  this case was reassigned to this court on June 2, 2010, Taser filed the instant Motion for Leave to
5  File a Motion for Reconsideration of the Order.  See Docket Item No. 68.  Taser argues
6  reconsideration is necessary due to the court's "manifest failure" to consider certain dispositive
7  arguments.  The court has reviewed this matter in its entirety.  For the reasons explained below, the
8  motion will be denied.[1]

## II.   LEGAL STANDARD

Taser brings this motion pursuant to Federal Rule of Civil Procedure 54(b) and Civil Local Rule 7-9.  These rules work in tandem.  Rule 54(b) provides the *general authority* for the court to revise interlocutory orders.  "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of an judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Local Rule 7-9 provides the *mechanism* by which such a revision can be obtained.  The first step of that process - and the step that is relevant here - requires a party seeking reconsideration of a prior order to obtain permission to make such a request.  Rule 7-9(a) therefore states:

> Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in the case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

In requesting leave of court, the moving party must at the very least do two things.  First, the party must make a specific showing supporting one of the following bases:

(1)   At the time of the filing the motion for leave, a material
      difference in fact or law exists from that which was presented
      to the Court before entry of the interlocutory order for which

---

[1] This disposition is not intended for publication in the official reports.

2
Case No. 5:09-cv-04410 EJD
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
(EJDLC1)

reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. Civ. L.R. 7-9(b).

Second, the party must accomplish the appropriate showing without repeating any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7-9(c). Doing so subjects that party to the possibility of sanctions. Id.

### III.   DISCUSSION

Taser's argument in support of the Motion is comprised of three separate but related contentions. First, Taser collectively asserts that reconsideration is warranted because the court failed to hold Plaintiffs to the "Rule 56(e)" standards, accepted Plaintiffs' theory of medical causation without requiring the production of supporting evidence, and basically ignored certain legal authority cited by Taser in its motion for summary judgment. Second, Taser believes the court did not sufficiently consider an argument that Plaintiffs' medical evidence falls short of what will be required at trial. Third, Taser argues the court neglected to address SJPD's use-of-force policy.

Despite Taser's efforts to show otherwise, the court disagrees that any of the instant contentions require reconsideration primarily because the Motion suffers from one fatal characteristic: it violates the express prohibition contained in subsection (c) of Rule 7-9. As stated above, Taser was obligated under this District's rule to present a basis for reconsideration without repeating any of the arguments it made in the first instance. The court is cognizant that this task presents somewhat of a challenge when the cited basis for relief is the court's failure to consider arguments previously made, and some latitude has been allowed for that reason. But as they are now presented, all of Taser's current arguments are either exactly the same or are some iteration of the arguments made in the summary judgment motion. For instance, although Taser clearly laid out the Rule 56(e) standard and described its perceived effect on Plaintiffs' ability or inability to show medical causation in the summary judgment motion (see Taser's Mtn. For Summ. Judgment, Docket

Case No. 5:09-cv-04410 EJD
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
(EJDLC1)

Item No. 43, at pp. 4, 12-16), Taser makes the same argument once again albeit in a more direct and expanded form. But the court was obviously aware of the applicable standard because Rule 56(e) is cited in the Order. See Order at p. 4. Moreover, the court must have read and considered Taser's position on medical causation because it commented on one of the cases relied on by Taser, In re Hanford Nuclear Reservation Litigation, 292 F. 3d 1124 (9th Cir. 2002). See id. at p. 13. In short, there is no indication the court failed to consider the medical causation argument. It simply disagreed with Taser's position.

The same is true with regard to Taser's additional contentions. The court must have considered Taser's claim that Plaintiffs' medical evidence lacks a connection between the application of ECD devices and cardiac arrest. Again, Taser made this exact argument previously and, much like the argument discussed above, the court just did not find it convincing. Indeed, the court pointed out an important distinction between Plaintiffs' theory of liability and the warnings Taser relied on in the summary judgment motion. The court wrote:

> Plaintiffs' theory in this action, however, is that Taser's products are *not* as safe and free from the potential of causing or contributing to death as it would have law enforcement and the public believe....[T]hey believe that Taser has created a false sense of security that leads law enforcement to resort to using its products under circumstances that do not call for *immediate* use of force at all, or at least not force that carries any substantial risk of causing death....*The warnings on which Taser bases this motion, however, are not directed to preventing or reducing the risks that plaintiffs contend exist*....[T]he overall message is that Taser devices are not responsible for such deaths, and that an officer's priority should be to exert control over subjects and place them as necessary in the care of medical professionals as quickly as possible. As such, it cannot be concluded as a matter of law that Taser adequately warns against the particular risks plaintiffs contend it products pose.

See id. at pp. 11-12 (emphasis added).

Taser ignores the distinction cited above in this Motion, which explicitly finds Taser's argument misplaced. Taser also ignores a similar distinction pointed out by the court in response to the claim based on the SJPD use-of-force policy.[2]

---

[2] Regarding the use-of-force policy, the court determined that "[w]hile there is evidence that Officer Chikayasu was aware that Taser devices have been alleged to cause death in some instances and that he believed that to be true, it would be unduly speculative to conclude, as a matter of law,

4
Case No. 5:09-cv-04410 EJD
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
(EJDLC1)

In sum, it is clear the court considered *all* of the evidence and arguments presented by both sides to this case in ruling on Taser's prior motion for summary judgment. After doing so, the court simply could not find that Taser's arguments prevailed as a matter of law. There is no indication the court "manifestly" failed to consider anything that could prove dispositive. Taser seems to take issue with the fact the court did not address every point or every case cited by Taser. But this does not equate to a failure to consider dispositive arguments, especially when the Order appears complete on its face. Taser may also believe a trier of fact could come to a different conclusion based on the arguments it presented, but such a belief does not warrant reconsideration. See Burke v. County of Alameda, 2008 WL 786862, 2008 U.S. Dist. LEXIS 119739, at *4-5 (N.D. Cal. Mar. 20, 2008) ("[T]he fact that, in plaintiffs' opinion, a trier of fact might have come to a different conclusion than the Court is not grounds for reconsideration."); see also Nidec Corp. v. Victor Co. of Japan, Ltd., 2007 WL 4108092, 2007 U.S. Dist. LEXIS 86414, *11-12 (N.D. Cal. Nov. 16, 2007) ("[A] court can consider the 'material facts or dispositive legal arguments' advanced by the parties but still commit 'clear error' in reaching its conclusions after considering those facts and arguments."). This Motion appears to be an attempt to raise before a new judge arguments that were found unconvincing by the judge who issued the subject interlocutory order. That is certainly not the reason the reconsideration mechanism exists. See Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless."). Accordingly, Taser's motion will be denied.

## IV.  ORDER

Based on the foregoing, Taser's Motion for Leave to File a Motion for Reconsideration of the Order filed on May 2, 2011, is DENIED.

Since it appears this case is in a position to be set for trial, the court schedules a Pretrial

---

that he and the other officers on the scene would have taken the same actions had Taser not consistently marketed its products as non-lethal, but instead warned explicitly that they can cause or contribute to death in some circumstances." See Order at p. 13, fn. 1.

1  Conference for **October 14, 2011**, at **11:00 a.m.** in Courtroom 1, 5th Floor, at the United States
2  Courthouse located on 280 S. 1st Street, San Jose, California.  The parties shall file a joint Pretrial
3  Conference Statement on or before **September 30, 2011**.
4  **IT IS SO ORDERED.**

6  Dated:  August 23, 2011

                                          EDWARD J. DAVILA
                                          United States District Judge

**United States District Court**
For the Northern District of California

6
Case No. 5:09-cv-04410 EJD
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
(EJDLC1)

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Michael J. Dodson cao.main@sanjoseca.gov
Dale Kristopher Galipo dalekgalipo@yahoo.com
3  Holly L Gibeaut legal@TASER.com
Clifford S. Greenberg cao.main@sanjoseca.gov
4  Mildred Katherine O'Linn mko@manningllp.com

**Dated:  August 23, 2011**                     **Richard W. Wieking, Clerk**

**By:      /s/ EJD Chambers**
     **Elizabeth Garcia**
     **Courtroom Deputy**

Case No. 5:09-cv-04410 EJD
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
(EJDLC1)