1  LAW OFFICES OF DALE K. GALIPO
2  Dale K. Galipo, State Bar No. 144074
   Melanie T. Partow, State Bar No. 254843
3  21800 Burbank Boulevard, Suite 310
   Woodland Hills, California 91367
4  (818) 347-3333 - Telephone
   (818) 347-4118 - Facsimile
5  E-Mail: dalekgalipo@yahoo.com
   mpartow@galipolaw.com
6
   *Attorneys for Plaintiffs*
7

8  **UNITED STATES DISTRICT COURT FOR THE**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  NOREEN SALINAS, | **Case No.:  CV09-4410 RS** |
| 12           Plaintiff, | Consolidated w/ CV 08-02625 |
| 13       vs. | *[Honorable Edward J. Davila]* |
| 14  CITY OF SAN JOSE; CHIEF ROBERT DAVIS; TASER INTERNATIONAL, INC.; OFFICER BARRY CHIKAYASU; SGT. JASON WOODALL; OFFICER RODERICK SMITH; and DOES 1-10, inclusive, | **PLAINTIFFS' OBJECTION TO THE TRIAL TESTIMONY OF DISMISSED DEFENDANT TASER'S EXPERT JEFFREY HO** |
| 18           Defendants. | Trial:    June 24, 2013<br>Time:    9:00 a.m.<br>Ctrm:    4 – 5th Floor |
| 19  NOREEN SALINAS; CARLOS SALINAS; ANA OLIVA SALINAS; and LORETTA SALINAS, | |
| 21           Plaintiffs, | |
| 23       vs. | |
| 24  CITY OF SAN JOSE; CHIEF ROBERT DAVIS; TASER INTERNATIONAL, INC.; SGT. JASON WOODALL, OFFICERRODERICK SMITH; OFFICER BARRY CHIKAYASU, SGT. MICHAEL MCLAREN; TASER INTERNATIONAL, INC.; and DOES 1-10, inclusive, | |
| 28           Defendants. | |

PLAINTIFFS' OBJECTION TO TRIAL TESTIMONY OF TASER'S EXPERT JEFFREY HO

**TO THE HONORABLE COURT AND TO ALL PARTIES HEREIN:**

**PLEASE TAKE NOTICE THAT** Plaintiffs hereby reiterate their objections to the trial testimony of Jeffrey Ho, an expert retained by Defendant TASER, International, Inc., who is no longer a party to this case.

Plaintiffs object to the trial testimony of Jeffrey Ho ("Dr. Ho") on the following basis:

- Plaintiff learned for the first time at the June 11, 2013 pretrial conference that Defendant City of San Jose and the individual San Jose City police officer defendants ("City Defendants") intended to call Defendant TASER International, Inc.'s retained expert, Dr. Ho, to testify at trial.
- Dr. Ho was retained by Defendant TASER, International Inc., to support its claims and defenses.
- Dr. Ho was not retained by the City Defendants.
- The City Defendants intended to rely on the testimony of the medical examiner in this case, not on the testimony of Dr. Ho.
- TASER International, Inc. was dismissed by this court's June 5, 2013 Order granting Defendant TASER's motion for reconsideration and TASER is no longer a party to this action.
- The City Defendants never joined in any of Defendant TASER's claims or defenses in this case.
- TASER International, Inc.'s claims and defenses are no longer at issue in this case.
- The City Defendants never joined in Defendant TASER's expert designations, including TASER's designation of Dr. Ho.
- The City Defendants never conducted any discovery concerning any of TASER's experts, including Dr. Ho.

- The City Defendants never joined in any of the discovery conducted by the parties concerning any of TASER's experts, including Dr. Ho.
- The City Defendants never filed or joined in any of the law and motion, including any *Daubert* motions or motions *in limine*, concerning Defendant TASER's experts or expert trial testimony, including Dr. Ho.
- The City Defendants have never filed or otherwise set forth their own witness list indicating their intention to call Dr. Ho to testify at trial.
- The City Defendants have been on notice of Defendant TASER's attempts and intention to be dismissed from this case based on TASER's motion for summary judgment and its three subsequent motions for reconsideration, including the motion that was pending before this Court up until June 5, 2013.
- The City Defendants also received notice of the Ninth Circuit's rulings in *Rosa* and *Marquez*, which TASER asserted warranted their dismissal from this matter.
- Despite notice of the likely, if not possible dismissal of TASER as a defendant from this case, the City Defendants made no effort to retain an expert of their own regarding the issues for which TASER retained Dr. Ho to opine.
- Despite notice of the likely, if not possible dismissal of TASER as a defendant from this case, the City Defendants made no effort to join in Defendant TASER's retention or designation of Dr. Ho.
- Despite notice of the likely, if not possible dismissal of TASER as a defendant from this case, the City Defendants did not indicate which, if any of TASER's trial witnesses that the City Defendants intended to call at trial.
- According the parties' Pretrial Statement (which governs the issues to be tried) and Dr. Ho's expert report, following the dismissal of Defendant TASER, Dr. Ho's opinions are not probative to any issue raised by any of the remaining defendants. Dr. Ho was retained by TASER to "specifically address the

- 3 –

PLAINTIFFS' OBJECTION TO TRIAL TESTIMONY OF TASER'S EXPERT JEFFREY HO

physiologic effects of a TASER ECD application to humans… as well as provide an opinion on certain aspects of arrest-related sudden death." *See* Exhibit A (Dr. Ho's report, attached hereto) at p. 10.  And, although the Joint Pretrial Statement (Dkt. 1332) contains a lengthy list of issues to be tried that is joined by all parties, it then specifically states that the factual issues, "**25.** Whether there is general causation evidence that an ECD exposure is capable of causing sufficient pain and stress to cause death when one probe is deployed in the buttock and the other probe is deployed in the mid-back" and "**26.** Whether there is evidence of specific causation that the TASER's ECD was a substantial factor in causing Mr. Salinas' death" are claims that are being raised by Defendant TASER **only.**  *See* Exhibit B (Joint Pretrial Statement, attached hereto) at pp. 4-6.  Therefore, the City Defendants should not be permitted to call an expert witness to testify concerning factual issues that the City Defendants excluded themselves from presenting in the Joint Pretrial Statement.

- Dr. Ho's report evidences that he has no personal knowledge of whether any of the medical studies conducted by TASER or information known to TASER and to himself were ever specifically conveyed to any of the City Defendants. Moreover, were the City Defendants to elicit such testimony from Dr. Ho during trial, such an opinion would exceed the scope of those opinions he was retained (by a different party) to provide.  Dr. Ho's testimony is therefore irrelevant, prejudicial and should be excluded pursuant to FRE 403.
- Permitting the City Defendants to call Dr. Ho will set a precedent that encourages parties to piggyback on and proffer from the discovery efforts made by opposing parties.
- Permitting the City Defendants to call Dr. Ho will unjustly reward them for relying on Defendant TASER's efforts and for failing to conduct their own

- 4 –

expert discovery (on issues beyond police practices), despite notice that Defendant TASER would likely, if not possibly be dismissed.

- Permitting the City Defendants to call Dr. Ho will contravene the scope of the trial as defined by the parties in the Joint Pretrial Statement and permit the City Defendants to present claims, defenses, and evidence that they expressly opted out of.
- A true and correct copy of Dr. Ho's Expert Report is attached hereto as "Exhibit A."
- A true and correct copy of the parties' Joint Pretrial Statement is attached hereto as "Exhibit B."

For the forgoing reasons, Plaintiffs respectfully request that the Court deny the City Defendants' request to call Dr. Ho to testify as an expert at trial.

Respectfully submitted,

DATED: June 19, 2013   LAW OFFICES OF DALE K. GALIPO

By   s/ Melanie T. Partow
   DALE K. GALIPO
   MELANIE T. PARTOW
   Attorneys for Plaintiffs