1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9 SAN JOSE DIVISION

10 NOREEN SALINAS, et. al.,                    CASE NO. 5:09-cv-04410 EJD

11                                             **ORDER DENYING PLAINTIFFS'**
                   Plaintiff(s),              **MOTION FOR RECONSIDERATION**
12       v.

13 CITY OF SAN JOSE, et. al.,                  [Docket Item No(s). 211]

14
                   Defendant(s).
15 _____/

16          Presently before the court is a Motion for Reconsideration filed by Plaintiffs Noreen Salinas,

17 Carlos Salinas, Ana Oliva Salinas and Loretta Salinas (collectively, "Plaintiffs").  See Docket Item

18 No. 211.  According to the motion, Plaintiffs seek reconsideration of an oral order issued July 9,

19 2013, which granted in part and denied in part Defendants' Motion for Judgment as a Matter of Law

20 pursuant to Federal Rule of Civil Procedure 50(a).  Specifically, Plaintiffs take issue with the court's

21 determination that the individual officers are entitled to qualified immunity with regard to Plaintiffs'

22 claims under 42 U.S.C. § 1983.

23          Having carefully reviewed the motion, the court has determined that it must be denied.  As a

24 preliminary matter, Plaintiffs filed the motion without obtaining leave of court to do so.[1]  But even if

25 that requirement is overlooked and Plaintiffs' motion is construed as one for the requisite leave of

26 _____

27          [1] In the Northern District of California, parties may not file a motion for reconsideration
   without first obtaining permission from the court to file such a motion. Civ. L.R. 7-9(a) ("No party
28 may notice a motion for reconsideration without first obtaining leave of Court to file the motion.").

1

United States District Court
For the Northern District of California

1   court, Plaintiffs have nonetheless failed to make the showing necessary to justify reconsideration.

2   Indeed, Civil Local Rule 7-9(b) makes clear that reconsideration is appropriate only on one of the

3   following bases:

> 4   (1) At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before
> 5   entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence
> 6   the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> 7
> 8   (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> 9   (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before
> 10   such interlocutory order.

11       Here, Plaintiffs' motion does not fall under subsections (1) or (2) because it does not identify

12   a material difference in fact or law from that which was presented to the court, nor does it present

13   newly-emerged facts or law.

14       Additionally, the motion does not fall under subsection (3).  The court heard extensive

15   argument from both parties concerning Defendants' Rule 50 motion, identified the relevant legal

16   issues during the hearing, considered the entirety of the record before it, and rendered a decision

17   based in its understanding of the law in the context of the facts presented at trial.  A "manifest

18   failure" is not apparent under these circumstances.

19       For these reasons, Plaintiffs' Motion for Reconsideration is DENIED.

20   **IT IS SO ORDERED.**

21

22   Dated:  July 9, 2013

23   EDWARD J. DAVILA
United States District Judge

24

25

26

27

28

United States District Court
For the Northern District of California

2

CASE NO. 5:09-cv-04410 EJD
ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION